UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

K. FELICIA DAVIS,

                Plaintiff,

                v.

CITY OF SYRACUSE and STEPHANIE A. MINER,

                Defendants.

**ANSWER WITH COUNTERCLAIMS**

Civil Action No. 5:12-CV-00276 (GTS/DEP)

Defendants, City of Syracuse and Stephanie A. Miner, by and through their attorneys, Bond, Schoeneck & King, PLLC, answer the Complaint as follows:

    1.    As to the allegations in Paragraph 1, **ADMIT** that Plaintiff was employed by the Defendant City as Citizen Review Board ("CRB") Board Administrator for approximately 17 years, was dismissed by letter of Mayor Stephanie A. Miner dated February 4, 2011, and testified at a hearing, **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief as to Plaintiff's alleged medical condition(s) and therefore **DENY** those allegations, and **DENY** the remaining allegations.

    2.    As to the allegations in Paragraphs 2, 3 and 4, **ADMIT** that Plaintiff purports to assert causes of action and seeks relief, but **DENY** that Plaintiff states a claim or is entitled to relief.

    3.    As to the allegations in Paragraphs 5, 6, 7, and 8 **ADMIT** that jurisdiction and venue are proper.

    4.    As to the allegations in Paragraph 9, **DENY** that Plaintiff's termination was unlawful and **ADMIT** the remaining allegations.

    5.    **ADMIT** the allegations in Paragraphs 10.

6. As to the allegations in Paragraph 11, **ADMIT** that Defendant Miner is Mayor of Syracuse and **DENY** the remaining allegations.

7. **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the allegations in Paragraph 12 and therefore **DENY** those allegations.

8. As to the allegations in Paragraph 13, **ADMIT** that Plaintiff was employed as the CRB Board Administrator as of April 1994 and held that position for approximately 17 years, and further state that, to the extent the allegation purports to quote a law, no answer is necessary as the law speaks for itself and therefore **DENY** those allegations and **DENY** the remaining allegations.

9. **ADMIT** the allegations in Paragraph 14.

10. As to the allegations in Paragraph 15, **ADMIT** that the allegations reflect the expected responsibilities of the Board Administrator but **DENY** that Plaintiff fulfilled these responsibilities.

11. As to the allegations in Paragraph 16, **ADMIT** that Plaintiff was responsible for responding to document requests and subpoenas concerning the CRB and that Corporation Counsel's office communicated with Plaintiff about these requests and **DENY** the remaining allegations.

12. As to the allegations in Paragraph 17, **ADMIT** that Plaintiff worked with various individuals during her tenure and **DENY** the remaining allegations.

13. **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the allegations in Paragraph 18 as to Plaintiff's pregnancy, alleged complications and doctor's visits, and therefore **DENY** these allegations.

14. **DENY** the allegations in Paragraph 19.

15. As to the allegations in Paragraph 20, **ADMIT** that no replacement was hired for Plaintiff, and **DENY** the remaining allegations.

16. **DENY** the allegations in Paragraph 21.

17. **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the allegations in Paragraph 22, and therefore **DENY** the allegations.

18. As to the allegations in Paragraph 23, **ADMIT** that Plaintiff's secretary commenced a leave of absence at some point in time, but **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the remaining allegations concerning her health situation and therefore **DENY** those allegations and also **DENY** the remaining allegations.

19. As to the allegations in Paragraph 24 and 25, **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the allegations therefore **DENY** the allegations.

20. As to the allegations in Paragraph 26, state that, to the extent the allegations purport to quote a document, no answer is required as the document speaks for itself, **ADMIT** that Plaintiff's employment was terminated effective February 4, 2011, and **DENY** the remaining allegations.

21. **DENY** the allegations in Paragraph 27.

22. **ADMIT** the allegations in Paragraph 28.

23. As to the allegations in Paragraph 29, **ADMIT** that Corporation Counsel accepted service for Plaintiff at Plaintiff's direction, and **DENY** the remaining allegations.

24. As to the allegations in Paragraph 30, **ADMIT** that Plaintiff did not appear in court on November 1, 2010, **LACK KNOWLEDGE AND INFORMATION** sufficient to

form a belief as to Plaintiff's whereabouts on November 1, 2010, and **DENY** the remaining allegations.

25. As to the allegations in Paragraph 31, **ADMIT** that Corporation Counsel authored a letter to Plaintiff on December 1, 2010, that the document speaks for itself and no answer is required, and **DENY** the remaining allegations.

26. As to the allegations in Paragraph 32, **ADMIT** that Plaintiff authored a letter to Ms. Perez-Williams and no further answer is required, as the remaining allegations purport to characterize the letter, and the document speaks for itself.

27. As to the allegations in Paragraph 33, **ADMIT** that Plaintiff met with Corporation Counsel on or about December 6, 2010 and discussed documents required to be produced as well as an affidavit from Plaintiff and **DENY** the remaining allegations.

28. As to the allegations in Paragraph 34, **ADMIT** that Plaintiff appeared at a hearing on January 24, 2011 and testified as to her version of the subpoena incident as well as document requests made of her office, and **DENY** the remaining allegations.

29. As to the allegations in Paragraph 35, **ADMIT** that McGinty said that he had not forwarded a copy of the subpoena to Plaintiff when he spoke to Plaintiff's secretary about the subpoena while Plaintiff was supposedly on maternity leave and that Ms. Perez-Williams was in attendance, and **DENY** the remaining allegations.

30. As to the allegations in Paragraph 36, **ADMIT** that Plaintiff was terminated on or about February 4, 2011, but Defendants neither **ADMIT** nor **DENY** the remaining allegations because they are designed to invade attorney-client privilege.

31. As to the allegations in Paragraph 37, the allegation purports to characterize the court's written decision, and no response is necessary as the decision speaks for itself.

32. As to the allegations in Paragraph 38, **ADMIT** that McGinty was not disciplined and that the Mayor has authority to discipline, and **DENY** the remaining allegations.

33. As to the allegations in Paragraphs 39, 40, 41, 42, and 43, the allegations purport to characterize newspaper articles, television reports, and letters, and no response is necessary, as these materials speak for themselves.

34. **DENY** the allegations in Paragraphs 44, 45, 46, 47, and 48.

35. No response is necessary to Paragraph 49 and, to the extent a response is necessary, Defendants repeat their responses above.

36. **DENY** the allegations in Paragraphs 50, 51, and 52.

37. No response is necessary to Paragraph 53 and, to the extent a response is necessary, Defendants repeat their responses above.

38. **DENY** the allegations in Paragraphs 54 and 55.

39. No response is necessary to Paragraph 56 and, to the extent a response is necessary, Defendants repeat their responses above.

40. **DENY** the allegations in Paragraphs 57 and 58.

41. No response is necessary to Paragraph 59 and, to the extent a response is necessary, Defendants repeat their responses above.

42. **DENY** the allegations in Paragraphs 60, 61, and 62.

43. No response is necessary to Paragraph 63 and, to the extent a response is necessary, Defendants repeat their responses above.

44. **DENY** the allegations in Paragraphs 64, 65, and 66.

45. No response is necessary to Paragraph 67 and, to the extent a response is necessary, Defendants repeat their responses above.

46. **DENY** the allegations in Paragraphs 68, 69, and 70.

47. No response is necessary to Paragraph 71 and, to the extent a response is necessary, Defendants repeat their responses above.

48. **DENY** the allegations in Paragraphs 72, 73, and 74.

49. **DENY** that Plaintiff is entitled to any of the relief she sets forth in the WHEREFORE clause.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

50. Each and every of Plaintiff's causes of action fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

52. Plaintiff was a "faithless servant" and has forfeited any rights to recovery she might otherwise have against Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

53. Some or all of Plaintiff's claims are barred by the doctrine of after acquired evidence.

**FIFTH DEFENSE**

54. Some or all of Plaintiff's claimed remedies are barred to the extent they are not allowable pursuant to the particular statute.

**SIXTH DEFENSE**

55. Each and every of Defendants' actions concerning Plaintiff were made for legitimate, non-discriminatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

56. Plaintiff's claim for actual damages is subject to her obligation to mitigate and, upon information and belief, Plaintiff has failed in her obligation to mitigate.

**EIGHTH DEFENSE**

57. Plaintiff's Fourteenth Amendment Due Process claim is barred because Plaintiff did not suffer a deprivation of her liberty interests.

**NINTH DEFENSE**

58. Plaintiff's Fourteenth Amendment Due Process claim is barred due to Plaintiff's failure to avail herself of an available post-deprivation remedy.

**TENTH DEFENSE**

59. Plaintiff's First Amendment claim is barred because she did not engage in speech that is protected by the First Amendment.

## ELEVENTH AFFIRMATIVE DEFENSE

60. The alleged discriminatory conduct was not undertaken pursuant to an official custom or policy of the City.

## TWELFTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims under the First and Fourteenth Amendments are barred as against Defendant Miner, as Defendant Miner is entitled to qualified immunity.

**AND AS FOR COUNTERCLAIMS** against Plaintiff, Defendant City of Syracuse alleges the following:

62. Defendant City of Syracuse repeats and realleges its responses to the Complaint above.

63. From April 13, 1994 through February 4, 2011, Plaintiff was employed by the City of the Syracuse as Board Administrator of the Citizens Review Board ("CRB").

64. The Board Administrator position was a full-time position, and Plaintiff was paid to devote her full-time efforts and attention to her Board Administrator duties.

65. Throughout the entire period of her employment, the City compensated Plaintiff as a full-time employee, and Plaintiff accepted full-time pay and benefits from the City.

66. Despite consistently receiving full-time time pay and benefits from the City, Plaintiff did not devote her full-time efforts to the Board Administrator position.

67. At all times during her employment, Plaintiff was and continues to be an attorney admitted to practice in New York and Plaintiff maintained and maintained a private law practice during her employment with the City.

68.	For at least the past several years of her employment with the City (and, upon information and belief, for an even longer period of her employment with the City), Plaintiff represented her private practice clients during the work day, including but not limited to reviewing documents, writing briefs, motions and other court filings, appearing in court on clients' behalf, conducting depositions, preparing for trials and hearings, meeting with and consulting with clients by telephone, in person and email, and conducting legal research.

69.	Instead of performing a full day's work as Board Administrator, Plaintiff used part or all of her work time to engage in her private practice.

70.	Plaintiff received compensation from her private practice clients for work she performed during the work day.

71.	Plaintiff therefore "double dipped" by accepting pay from the City for hours she actually devoted to her private practice and for which she also accepted compensation from her clients.

72.	Plaintiff's attention to her private practice was often at the expense of her CRB duties and responsibilities.

73.	Plaintiff used the City's equipment and resources to engage in her private money-making activities. Specifically, Plaintiff used the City's office space, fax machine, computer equipment, telephones, paper and other office supplies to conduct her private practice.

74.	Plaintiff did not compensate the City for her private practice use of the CRB office's equipment or resources.

75. The CRB office was assigned one (1) full-time secretary to support the CRB's clerical needs. The CRB secretary was paid by the City and received benefits as a City employee.

76. Upon information and belief, Plaintiff did not employ a secretary for her private practice.

77. Plaintiff used the services of the CRB secretary as Plaintiff's own private practice secretary, and the CRB secretary performed work for Plaintiff's private practice during the work day.

78. Plaintiff did not compensate the City for the time the CRB secretary spent working on Plaintiff's private practice.

79. At no time did Plaintiff inform the City that the CRB secretary was assisting Plaintiff in her private practice, and Plaintiff did not have the City's permission to do so.

## AS AND FOR A FIRST COUNTERCLAIM

### (Fraud)

80. Defendant repeats and realleges Paragraphs 1 to 79.

81. In accordance with the City's ordinary payroll policies and procedures, Plaintiff was expected to submit time reports to the City's Payroll Department, and she held herself out as performing full-time work as CRB Board Administrator.

82. The City paid Plaintiff in reliance on her time reports and her other representations that she was working full-time in the CRB Board Administrator position.

83. Plaintiff knowingly and intentionally submitted time reports and other information to the City that falsely indicated that she had spent time working for the CRB

when she had actually spent that time working for her private practice clients or not working at all.

84. Plaintiff submitted this false information with the knowledge that the City would rely on it in paying her compensation to which she was not rightfully entitled.

85. Plaintiff knowingly and intentionally allowed the CRB secretary to submit time records and other information to the City showing that the secretary had spent time working for the CRB when she had actually spent that time working on Plaintiff's private practice.

86. Plaintiff knowingly and intentionally misappropriated City equipment, assets, and personnel for her private money-making activities.  Plaintiff knowingly failed to inform the City that she was using City office, equipment, assets, and personnel to conduct her private practice.

87. Plaintiff's fraudulent conduct directly and proximately caused the City to sustain damages in the form of compensation and benefits paid to Plaintiff, compensation and benefits paid to the CRB secretary, as well as the loss of and/or wear and tear on its equipment, assets and resources.

88. Plaintiff's actions were willful, malicious, intentional, knowing and in wanton disregard for the City's interests.

## AS AND FOR A SECOND COUNTERCLAIM

### (Negligent Misrepresentation)

89. Defendant repeats and realleges Paragraphs 1 to 88.

90. Defendant City pleads negligent misrepresentation as an alternative cause of action to its fraud cause of action (First Counterclaim).

91.     Plaintiff had a duty to use the City's equipment, assets, resources and personnel for CRB purposes only and to make open and truthful representations to the City as to how she spent her time and how she used the assets allocated to her office.

92.     Plaintiff violated her duty by carelessly and negligently conducting her private practice so enmeshed with her CRB work such that the City's equipment, assets, and resources were used to support her private practice.

93.     Plaintiff had a duty to submit accurate time records and to ensure that the CRB secretary submitted accurate time records.

94.     Plaintiff violated her duty of care by negligently submitting time records and making other representations that did not accurately reflect the services performed.

95.     Plaintiff violated her duty of care by negligently allowing the CRB secretary to submit time records and make other representations that misrepresented the services she performed.

96.     Plaintiff knew or should have known that the City would rely on Plaintiff's representations that the CRB office and its equipment, resources and personnel were being used exclusively for CRB purposes when in fact Plaintiff was utilizing them for her private practice.

97.     The City has sustained damages in the form of compensation and benefits paid to Plaintiff, compensation and benefits paid to the CRB secretary, as well as the loss of and/or wear and tear on its equipment, assets and resources.

## AS AND FOR A THIRD COUNTERCLAIM

### (Unjust Enrichment)

98. Defendant City repeats and realleges the allegations in Paragraphs 1 through 97.

99. The Plaintiff has been unjustly enriched as the direct and proximate result of Plaintiff's conduct as described above.

100. Plaintiff was not entitled to accept payment for services she did not render to the City or to use the City offices, resources, equipment, assets and personnel for her private practice. The City did not permit Plaintiff to commit these acts, and Plaintiff's conduct was of no benefit to the City and resulted in the City unknowingly and unjustly supporting Plaintiff's private money-making activities.

101. Under the principles of equity and good conscience, Plaintiff should not be allowed to retain the value of the compensation and benefits paid to her by the City for which she performed no services, and Plaintiff should not be allowed to retain the value of the other services and resources she unjustly took from the City to engage in her private practice, including but not limited to the value of the compensation and benefits paid to the CRB secretary while the secretary was working on Plaintiff's private practice, as well as the loss of and/or wear and tear on its equipment, assets and resources.

## AS AND FOR A FOURTH COUNTERCLAIM

### (Faithless Servant)

102. Defendant City repeats and realleges the allegations in Paragraphs 1 through 101.

103. During the term of Plaintiff's employment, Plaintiff held a position of trust and confidence. Plaintiff owed the Defendant City certain fiduciary duties, including but not limited to a duty of loyalty, honesty and fidelity.

104. By lessening her work for the City, failing to devote her full-time and efforts to the CRB Board Administrator position, and engaging in a private law practice while on the City's paid time, Plaintiff failed to fulfill her fiduciary duties and breached the City's trust relationship with her.

105. Plaintiff's dishonest and disloyal conduct related to and negatively impacted the performance of her Board Administrator responsibilities.

106. Plaintiff's dishonesty and disloyalty was consistent, pervasive, and permeated her services in their most material part.

107. Plaintiff's conduct renders her a "faithless servant".

108. During the time that Plaintiff was in breach of her duties, she received compensation and benefits from the City.

109. Pursuant to the faithless servant doctrine, Plaintiff has forfeited, and the the City is entitled to reimbursement for, the full amount of compensation and benefits and any other consideration she received from the City as of the first day she behaved as a faithless servant through the last day of her employment.

110. Defendant City of Syracuse demands trial by jury as to its counterclaims.

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

a. dismissal of Plaintiff's Complaint in its entirety;

b. awarding judgment to the City on its counterclaims in their entirety and awarding damages including but not limited to return of the wages, benefits and other

compensation the City paid to Plaintiff and the value of the other use of equipment, assets, resources and personnel as described above, all in an amount to be proved at trial;

      c.      judgment granting Defendants costs and reasonable attorneys fees incurred in this action;

      d.      together with such other and further relief as the Court deems just and proper.

Defendants reserve the right to amend or further plead any other defenses and/or counterclaims after a reasonable opportunity for discovery.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety, with costs and disbursements awarded in favor of Defendants.

Dated:  April 16, 2012

BOND, SCHOENECK & KING, PLLC

By:_____/s_____
     Laura H. Harshbarger, Esq.
     *(Bar Roll No. 509779)*
*Attorneys for Defendants*
One Lincoln Center
Syracuse, New York 13202-1355
Telephone:  (315) 218-8314
Facsimile:  (315) 218-8100
Email: lharshbarger@bsk.com

TO:    VLADECK, WALDMAN, ELIAS
       & ENGELHARD, P.C.
      Milton L. Williams, Jr., Esq.
      *Attorneys for Plaintiff*
      1501 Broadway, Suite 800
      New York, New York  10036
      Telephone:  (212) 403-7300
      Email:  mwilliams@vladeck.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2012, I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> VLADECK, WALDMAN, ELIAS
>   & ENGELHARD, P.C.
> Milton L. Williams, Jr., Esq.
> *Attorneys for Plaintiff*
> 1501 Broadway, Suite 800
> New York, New York  10036
> Telephone:  (212) 403-7300

/s<br>
Laura H. Harshbarger